FILED

IN THE CHANCERY COURT FOR KNOX COUNTY, TENNESSEE

2011 OCT 20 PM 3:40

HOWARD G. HOGAN

CANDY FACTORY CONDOMINIUM
OWNERS ASSOCIATION, INC.

    Plaintiff

vs.    NO. 181534-3

THE HARFORD MUTUAL INSURANCE
COMPANY

    Defendant

## COMPLAINT

Plaintiff for its cause of action against Defendant states as follows:

1. Plaintiff is a not-for-profit corporation organized and existing pursuant to the laws of the State of Tennessee and is a condominium owners association. The condominium at issue is located in Knox County, Tennessee.

2. Defendant, The Harford Mutual Insurance Company ("The Harford"), is on information and belief a corporation formed in the State of Maryland. It does business selling insurance in the State of Tennessee. Accordingly, it may be served with process by serving the Insurance Commissioner, Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

3. The Candy Factory Condominium Owners Association, Inc. is a condominium owners association for the Candy Factory building in Downtown Knoxville. This building has a large flat common roof that is insured pursuant to policies of insurance with The Harford and specifically a commercial property coverage policy in effect at the time of the damage

EXHIBIT
(Collective)
1

at issue herein.

4. On April 27, 2011, a hail storm struck Knoxville causing serious damage to numerous roofs in the Knoxville area including the roof at the Candy Factory. Following the hail storm, visible hail damage could be seen on the Candy Factory roof where the hail pounded the roof and left indentions. After the storm, debris in the form of dust began to fall into four (4) condominiums on the top floor of the Candy Factory Condominium building. Water leaks also began in at least two units. This damage was promptly reported to the Defendant. The falling dust and the water leaks took place only after the April 27, 2011, hail storm.

5. Since the initial claim was filed on June 6, 2011, regarding the hail damage, numerous contractors have been on-site collecting data. Subsequent additional claims were later filed regarding damage to individual units in the Candy Factory building stemming from the same hail damage event.

6. The policy at issue provides that it will pay for direct physical loss of or damage to Covered Property at the premises described in the Declaration (the Candy Factory Building) caused by or resulting from any covered Cause of Loss. The roof is Covered Property under the policy definitions. The hail storm was a covered Cause of Loss.

7. There has been significant and inexcusable delay in providing payment for the claim(s). Meanwhile, the residents of the Candy Factory building are dealing with nasty debris falling from their ceilings and water damage within certain units when it rains. The tenants are understandably concerned about the ongoing situation where they are inhaling debris and the health implications of this exposure.

8. On August 10, 2011, Plaintiff through counsel sent a letter to the Defendant demanding coverage and payment of the claim(s) at issue pursuant to the provisions of T.C.A. §56-7-105, <u>Bad Faith Refusal To Pay</u>, setting forth the amount that would be accepted for the claim and making a demand for payment. A copy of the "bad faith" letter is attached hereto as Exhibit A.

9. Nevertheless, the Defendant failed to timely pay the claim and the roof problem created by the hail storm continues to exist without proper remediation over four months after the initial claim was made.

10. Plaintiff, in addition to its requesting coverage for damage to the roof, hereby demands the damages set forth in T.C.A. §56-7-105 for the bad faith refusal by the insurance company to pay the claim in the form of a sum not exceeding 25% of the liability for the loss. Plaintiff avers that the refusal by the Defendant to pay the claims was not in good faith, and that this failure to pay inflicted additional expense, loss and injury including attorney's fees on the Plaintiff holder of the policy. Plaintiff specifically demands reimbursement of its attorney's fees pursuant to T.C.A. §56-7-105. Plaintiff asks for pre-judgment interest.

11. As stated above, additional claims were also made related to this same April 27, 2011, hail storm. Plaintiff avers that the insurance company has treated all of these claims as part of a single claim even though they were separated into separate claim numbers. Plaintiff avers that its August 10, 2011, letter covers the denial of these subsequent claims as well since they stem from the same event and same roof damage.

12. Defendant has breached its contract of insurance with the Plaintiff and is liable for

-3-

damages resulting from said breach in the amount required to repair the damage as issue.

WHEREFORE, Plaintiff demands as follows:

1. That proper process issue and be served upon the Defendant requiring it to answer within the time set forth by law.

2. That this Court find in favor of the Plaintiff and hold the Defendant liable for damages in amounts required to cover claims related to the hail storm on April 27, 2011, for damage to the roof of the Art Lofts at the Candy Factory and related damages.

3. That this Court determine that the Defendant in bad faith refused to pay the Plaintiff's claim and that as such the Plaintiff in addition to other damages is entitled to up to 25% of a bad faith penalty, including, but not limited to, reasonable attorney's fees and costs incurred due to the delay in the honoring of the claim.

4. That the Plaintiff receive pre-judgment interest in an amount set forth by law.

5. That the costs of this cause be charged to the Defendant.

6. That Plaintiff have such other, further and general relief to which it may show itself entitled to upon a hearing of this cause.

RESPECTFULLY SUBMITTED,

MELANIE E. DAVIS, Attorney for Plaintiff
Tennessee Bar No. 017947
Kizer & Black, Attorneys, PLLC
329 Cates Street
Maryville, Tennessee 37801
Telephone: (865) 982-7650

11/8/2011 10:07:45 AM Batch: 6543751

# KIZER & BLACK, ATTORNEYS, PLLC
### 329 CATES STREET
### MARYVILLE, TENNESSEE 37801-4903
### TELEPHONE: (865) 982-7650
### FACSIMILE: (865) 982-5776

DAVID T. BLACK
MARTHA S. L. BLACK
JOHN T. MCARTHUR
J. KEVIN RENFRO
MELANIE E. DAVIS
MATTHEW C. HARALSON
JUSTIN R. MARTIN
SHERRI L. DECOSTA ALLEY
G. KEITH ALLEY
P. ANDREW SNEED
ELIZABETH MAXEY HACKWORTH

BEN W. KIZER
(1920-1996)

LENOIR CITY OFFICE
902 EAST BROADWAY
LENOIR CITY, TENNESSEE 37771
TELEPHONE: (865) 986-1660
FACSIMILE: (865) 986-2609

Writer's Direct Dial: (865) 980-1609
Writer's Direct Fax: (865) 980-1640

August 10, 2011

The Harford Insurance Company
200 N. Main Street
Bel Air, MD 21014

ATTENTION: Matt Moreau and Laura Kurrle

Re: Insured - Loss at The Candy Factory
Policy # 9099057
Claim # 201-997
Date of Loss - April 27, 2011

Dear Mr. Moreau and Ms. Kurrle:

Please be advised that I am representing the Candy Factory Condominium Owners Association with regard to the roof damage at the Art Lofts at the Candy Factory from the very damaging hail storm on April 27, 2011. I have enclosed for your review information relating to this claim and an estimate for the work that needs to be done.

As you can see, a claim was filed concerning the roof damage on June 6, 2011. The property management company, Associa Morris Property Management, was made aware of interior debris falling from the ceilings of various residents' condominiums on May 6, 2011, and again on May 19, 2011. This was a new phenomenon that took place only after the April 27, 2011, hail storm. Since that time, Belfor Property Restoration has been on-site on numerous occasions collecting data related to the claim. Belfor has advised that they have provided our adjuster two independent reports. One verified that the ceiling and roof problem was **not** caused by an infestation of bugs and the other provided two reasonable explanations as to the possible cause of the insulation falling from the ceilings including the hail damage. These reports were generated from having a certified pest inspector inspect the roof and by an investigation by a roofing consultant where a core sample was performed on the roof.



EXHIBIT A

Page -2- August 10, 2011

It is now mid-August.

There has been a significant delay in covering this claim. The residents of the building are dealing with nasty debris falling from their ceilings. We recently heard from an additional occupant of a unit who experienced water damage after the hail storm. Meanwhile, the tenants are inhaling debris and are concerned about the health implications of this exposure.

Please be advised that this letter constitutes our demand for coverage and payment of the claim pursuant to the provisions of T.C.A. §56-7-105, <u>Bad Faith Refusal To Pay</u>. The client will accept the sum of Two Hundred Sixty-Two Thousand Nine Hundred Fifty-Six and 58/100ths Dollars ($262,956.58) for this claim. Your company's failure to timely pay this claim made over two months is considered by the client to be in fact a refusal to pay.

You are asked pursuant to the statute to pay the loss within sixty (60) days of the date of this letter.

Also, please forward me a copy of the applicable insurance policy.

Please let me know if you have any questions.

With kindest regards, I am

Very truly yours,

Melanie E. Davis

MED:ps

Enclosure

cc: The Insurance Group
    412 N. Cedar Bluff Road
    Suite 108
    Knoxville, Tennessee 37923
    ATTENTION: JOSH WHITT AND ANITA RUSSELL

Associa Morris Property Management, Inc.

COST BOND

We, the undersigned, hereby bind ourselves for the costs of the cause in accordance with T.C.A. §20-12-120.

KIZER AND BLACK, ATTORNEYS, PLLC:

BY: _____

STATE OF TENNESSEE
CHANCERY COURT OF KNOX COUNTY

FILED

CANDY FACTORY CONDOMINIUM
OWNERS ASSOCIATION, INC.,

2011 OCT 20 PM 3: 41

PLAINTIFF,

HOWARD G. HOGAN

CIVIL ACTION
NO. 181534-3

V.

THE HARFORD MUTUAL INSURANCE
COMPANY,

DEFENDANT.

The Harford Mutual Insurance Company
% Insurance Commissioner
Tennessee Dept. of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S): You are hereby summoned and required to serve upon MELANIE E. DAVIS, Plaintiff's attorney, whose address is KIZER & BLACK ATTORNEYS, PLLC, 329 Cates Street, Maryville, Tennessee 37801, an Answer to the Complaint which is herewith served upon you within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Witness, HOWARD HOGAN, Clerk of said Court at office, the 20 day of October, 2011.

HOWARD HOGAN, Clerk
By: _____
Deputy Clerk

NOTICE

To the Defendant(s): Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

Received this ____ day of _____, 2011.

_____
Deputy Sheriff

RETURN ON SERVICE OF SUMMONS: I hereby certify and return that on the ____ day of _____, 2011, I served this Summons, together with the Complaint herein as follows:

_____
Sheriff - Deputy Sheriff

STATE OF TENNESSEE
CHANCERY COURT OF KNOX COUNTY

CANDY FACTORY CONDOMINIUM
OWNERS ASSOCIATION, INC.,

    PLAINTIFF,

V.

THE HARFORD MUTUAL INSURANCE
COMPANY,

    DEFENDANT.

CIVIL ACTION
NO. _____

The Harford Mutual Insurance Company
% Insurance Commissioner
Tennessee Dept. of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT(S): You are hereby summoned and required to serve upon MELANIE E. DAVIS, Plaintiff's attorney, whose address is KIZER & BLACK ATTORNEYS, PLLC, 329 Cates Street, Maryville, Tennessee 37801, an Answer to the Complaint which is herewith served upon you within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Witness, HOWARD HOGAN, Clerk of said Court at office, the ___ day of October, 2011.

        HOWARD HOGAN, Clerk
        By:_____
                Deputy Clerk

NOTICE

To the Defendant(s): Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the court. This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (This Summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

Received this ___ day of _____, 2011.

        _____
        Deputy Sheriff

RETURN ON SERVICE OF SUMMONS: I hereby certify and return that on the ___ day of _____, 2011, I served this Summons, together with the Complaint herein as follows:

_____

_____
Sheriff - Deputy Sheriff

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.532.5260, FX - 615.532.2788
brenda.meade@tn.gov

November 01, 2011

Harford Mutual Insurance Company
200 North Main Street
Bel Air, MD  21014
NAIC # 14141

Certified Mail
Return Receipt Requested
7011 1570 0003 6420 4300
Cashier # 6100

Re:   Candy Factory Condo. Owners Asso. Inc.   V.   Harford Mutual Insurance Company

Docket # 181534-3

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 28, 2011, on your behalf in connection with th above-styled proceeding. Documentation relating to the subject is herein enclosed.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Knox County
    400 Main Avenue, Rm 123
    Knoxville, Tn  37902